**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RONALD SATISH EMRIT                              *

Plaintiff                                                      *

              v.                              *        Civil Action No. RWT-15-2303

RONALD CEPHAS EMRIT,                         *
TANYA BROOKS, and
NATIONAL INSTITUTES OF HEALTH      *

Defendants                                                 *
                                          ***

## <u>MEMORANDUM OPINION</u>

The above-captioned case was filed together with a Motion to Proceed in Forma Pauperis on August 6, 2015.  Because he appears to be indigent, Plaintiff's motion shall be granted.  For the reasons set forth below, the Complaint must be dismissed.

The self-represented Complaint seeks to invoke this Court's subject matter jurisdiction regarding a claim against a federal agency and diversity jurisdiction regarding a claim that Plaintiff is the appropriate guardian for his mother who suffers Alzheimer's disease.  Plaintiff's claim against the National Institutes of Health (NIH) is that it has the responsibility to perform a clinical study on his mother to observe if any type of medicine would improve the "function of oligodendrocytes, astrocytes, glial cells (neuroglia), and improve the function of neurotransmitters such as glutamate, serotonin (5-HT), GABA, dopamine, and acetylcholine."  ECF No. 1 at 2.  The claim against Ronald Cephas Emrit, Plaintiff's father, is that he has guardianship over Plaintiff's mother and is not taking proper care of his mother.  *Id*.  Plaintiff further claims that his phone number has been blocked; he has been advised his mother may have

six months to a year to live; and he may not be able to make it to his mother's funeral if something should happen to her. *Id*.

Assuming NIH owes the duty described in the Complaint, Plaintiff does not have standing to assert the claim raised. The Complaint does not assert that Plaintiff himself is owed a duty or has somehow been injured by decisions or actions taken by NIH. "[A]t an irreducible minimum, Article III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision. In this manner Article III limits the federal judicial power to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process." *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). The Complaint fails to state a cognizable claim against NIH on behalf of Plaintiff as Plaintiff has no power to assert a claim on behalf of his mother.

Plaintiff is a citizen of the state of Nevada and asserts the guardianship proceedings which appointed his father guardian of his mother took place in Maryland, where they reside. ECF No. 1. Despite the diversity of citizenship among the parties and Plaintiff's claim for $750,000 in damages,[1] the claim asserted regarding guardianship is one this Court may not entertain. The decision by the state court appointing Ronald Cephas Emrit guardian is a matter over which the state court retains jurisdiction and power to issue orders and decisions to afford

---

[1] It is unclear which claim Plaintiff relies upon for his claim to monetary damages. He seeks to have the state court's decision regarding appointment of his father as guardian altered to make Plaintiff guardian instead, but does not delineate any basis for a claim to monetary damages.

whatever relief may be necessary to protect the disabled person's best interests. *See Wentzel v. Montgomery General Hospital, Inc.*, 293 Md. 685, 447 A.2d 1244 (1982) (noting that courts of equity retain plenary jurisdiction), *see also* Md. Code Ann., Est. & Trusts §13-704.

The Court notes that Plaintiff has been the subject of an order barring him from filing lawsuits in the United States District Court for the Western District of Texas without first obtaining leave from a Federal District Judge in that jurisdiction permitting him to do so. *See Emrit v. National Academy of Recording Arts and Sciences, et al.*, Case No. A-14-CA-392-SS (W.D. Tex 2015) at ECF 35 (noting Emrit has filed 47 frivolous lawsuits in federal courts across the country). The instant case is not the first frivolous claim filed by Plaintiff in this jurisdiction. *See Emrit v. Cheap-O Air, et al.*, Civil Action PWG-13-803 (D. Md. 2013) and *Emrit v. Office Depot, Inc.*, Civil Action RWT-13-2297 (D. Md. 2013) (noting Emrit is a vexatious filer). Plaintiff is forewarned that this Court will not tolerate the use of in forma pauperis filing status for pursuit of meritless litigation and continued abusive filing may result in a similar ban on filing of litigation in this district.

A separate Order dismissing the Complaint follows.


September 21, 2015                           /s/
Date                                   ROGER W. TITUS
                                       UNITED STATES DISTRICT JUDGE